| | | |
|---|---|---|
| **DISTRICT COURT, EL PASO COUNTY, COLORADO** | | |
| Address: | P.O. Box 2980<br>270 South Tejon St.<br>Colorado Springs, CO  80901 | DATE FILED: February 13, 2018 2:35 PM<br>FILING ID: 7323CCECE62C5<br>CASE NUMBER: 2018CV30414 |
| Telephone: | (719) 452-5000 | |
| **Plaintiff:   MARGARET P. LAWSON,**<br><br>v.<br><br>**Defendant:  ALLSTATE FIRE AND CASUALTY<br>                       INSURANCE COMPANY.** | | ▲   **COURT USE ONLY**   ▲ |
| Attorneys for Plaintiff | | |
| Name(s): | Alessandra Morales, Esq., #47055<br>David E. McDivitt, #38286 | |
| Firm: | MCDIVITT LAW FIRM, P.C. | Case Number: |
| Address: | 19 East Cimarron Street<br>Colorado Springs, CO  80903 | |
| Phone Number: | (719) 471-3700 | Div/Ctrm: |
| Fax Number: | (719) 471-9782 | |
| E-Mail Address: | litigation@mcdivittlaw.com | |
| **CIVIL COMPLAINT** | | |

Plaintiff, Margaret P. Lawson (hereinafter "Plaintiff") by and through her counsel of record, MCDIVITT LAW FIRM, P.C. brings this Complaint For Damages against Defendant Allstate Fire and Casualty Insurance Company (hereinafter "Defendant"), and hereby state as follows:

## VENUE

1. Plaintiff is a resident of El Paso County, Colorado, whose respective address is set forth at the end of this Complaint.

2. Defendant was, and still is a foreign corporation licensed to do business in the State of Colorado. Defendant's principal place of business is 2775 Sanders Road, Northbrook, IL 60062.  Defendant's mailing address is 3075 Sanders Road, Suite H1E, Northbrook, IL 60062.

3. Defendant's registered agent in the state of Colorado is the Colorado Division of Insurance, 1560 Broadway, Suite 850, Denver, Colorado 80202.

4. All the incidents giving rise to the claims asserted in this Complaint occurred in the County of El Paso, State of Colorado.  Therefore, venue in this court is proper under Rule 98(c) of the Colorado Rules of Civil Procedure.

## FACTUAL ALLEGATIONS
### (Insurance Contract)

5. Prior to October 31, 2015, Defendant entered into a contract of automobile insurance with Gus Lashley.

6. At all times relevant hereto, Defendant provided this automobile insurance coverage to Gus Lashley and thereby the Plaintiff under a policy numbered 987229933 (hereinafter "policy"). The terms and conditions of said policy are incorporated herein as if set forth verbatim.

7. Said policy was sold by Defendant, through its agents, representatives and/or employees and purchased and fully paid for by Gus Lashley.

8. The Plaintiff also is a first party claimant to the policy entered into with Defendant and is asserting an entitlement to benefits owed directly to her under the policy.

9. Plaintiff is owed money from the Defendant as a first-party claimant in relation to the damages she sustained in the October 31, 2015 automobile crash.

10. This policy contained "Uninsured Motorists Insurance Coverage".

11. Upon information and belief, Uninsured Motor Vehicle Coverage, as defined by the policy, covers underinsured motor vehicles as well. Hereinafter, any reference to the word "underinsured" references by definition the term "uninsured," and any reference to the word "uninsured" incorporates by reference the term "underinsured."

12. Upon information and belief, the policy limits provided under this policy for underinsured motor vehicle coverage total $100,000 per person and $300,000 per accident.

13. At all times relevant hereto, Nicholas Alebrande (hereinafter "Alebrande") was an underinsured motorist and driver of an underinsured motor vehicle that caused a collision involving Plaintiff, as more fully described hereinafter.

14. At all times relevant hereto, Alebrande's vehicle was insured under a policy with Progressive Insurance, purchased by Alebrande, with bodily injury liability limits of $25,000 per person and $50,000 per accident.

15. Alebrande settled with Plaintiff for Alebrande's responsibility for negligently causing said collision and Plaintiff's resulting injuries.

16. Alebrande settled with Plaintiff for the $25,000.00 available under the Progressive Insurance policy.

17. Plaintiff's settlement and release of Alebrande was made pursuant to Plaintiff's policy with Defendant. Plaintiff was given "Consent to Settle" on November 9, 2016 by Defendant.

18. At all times relevant hereto, Plaintiff was insured under a policy with Kemper Insurance, purchased by Plaintiff, with Underinsured Motor Vehicle Coverage, with limits of $25,000.00 per person and $50,000.00 per accident.

19. Kemper Insurance settled with Plaintiff for the $25,000.00 available under her policy with Kemper Insurance.

20. Upon information and belief, Defendant's policy obligates Defendant to pay to Plaintiff any sum which she may be legally entitled to collect as damages.

21. Plaintiff and Defendant have been unable to agree regarding the amount of damages sustained by Plaintiff in the subject collision.

22. Plaintiff is not barred by the tort statute of limitation, and therefore files this complaint in this Court against Defendant.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS
### Underlying Motor Vehicle Accident

23. On October 31, 2015, at the approximate hour of 7:00 p.m., Plaintiff was operating a 1996 Chevrolet Blazer, proceeding southbound on Peterson Road at Palmer Park Boulevard in the right lane in the County of El Paso, State of Colorado.

24. At this same date and time, Alebrande was operating a 2008 Chevrolet Cobalt, proceeding eastbound in the right lane of Palmer Park Boulevard at Peterson Road.

25. For reasons unknown to Plaintiff, Alebrande failed to yield the right of way to Plaintiff's vehicle when he entered the intersection when he had a red light. As a result of the aforementioned, Plaintiff's vehicle was struck on the side by the front of Alebrande's vehicle with significant force.

26. As a direct and proximate result of the negligence of Alebrande, Plaintiff suffered bodily injuries to her entire person including, but not limited to, her shoulder, head, and back. Some of these injuries may be permanent in nature and constitute a permanent disability.

27. As a further direct and proximate result of the negligence of Alebrande, Plaintiff has incurred bills for health care and treatment, and will incur additional such expenses in the future.

28. As a further direct and proximate result of the negligence of Defendant, Plaintiff has been caused to suffer in the past, and will suffer in the future, economic and non-economic injuries and losses in amounts to be proven at trial, including, but not limited to, permanent physical and mental pain and suffering, loss of the enjoyment of life, loss of earnings and earning capacity, loss of capacity to perform household work, inconvenience, permanent impairment and disability.

## **FIRST CLAIM FOR RELIEF**
**(Underinsured Motorist Claim, Breach of Contract against Allstate Fire & Casualty Insurance Company arising from the Underinsured's Negligence)**

29. Plaintiff incorporates by reference all prior allegations as if fully restated herein.

30. At said date and time and at the aforementioned location, the Underinsured, (Alebrande) was driving negligently in failing to adhere to traffic conditions and failing to keep a proper lookout. This caused his vehicle to collide with the motor vehicle that Plaintiff was operating.

31. At all times relevant herein, Alebrande had a duty to operate his vehicle with reasonable care as to not pose an unreasonable risk of harm to others, including Plaintiff.

32. In committing the aforementioned actions, Alebrande breached his duty to operate his vehicle with reasonable care so as to avoid posing an unreasonable risk of harm to others, including Plaintiff

33. As a direct and proximate result of the negligence of Alebrande, Plaintiff suffered bodily injuries to her entire person including, but not limited to her shoulder, head, and back. Some of these injuries are permanent in nature and may constitute a permanent disability.

34. At this time, Plaintiff and Defendant cannot agree as to the damages which Plaintiff is entitled to recover from the applicable underinsured motorist benefits, under the insurance contract with Defendant.

35. Plaintiff suffered economic and non-economic damages as a result of the above-described motor vehicle collision, as more fully set forth above.

36. Plaintiff has made a demand for her underinsured motorist benefits but Defendant has failed or refused to pay Plaintiff's said benefits.

37. Plaintiff's underinsured benefits are lawfully past due and owing to Plaintiff.

38. Defendant is legally required to pay compensatory damages to Plaintiff that Plaintiff is legally entitled to collect from the driver of the underinsured motor vehicle in the subject collision.

39. Defendant entered into a contract with Gus Lashley and thereby Plaintiff to pay to Plaintiff any sum which she may be legally entitled to collect as damages.

40. Plaintiff has performed all conditions precedent under this policy.

41. Defendant has failed and refused to make payment in accordance with the express terms of the applicable insurance contract.

42. Defendant breached its contractual duty owed to Plaintiff.

43. As a direct and proximate result of the breach by Defendant, Plaintiff has suffered economic damages and/or losses as more fully enumerated herein.

44. As a direct and proximate result of the breach by Defendant, Plaintiff has suffered non-economic damages and/or losses as more fully enumerated herein.

## SECOND CLAIM FOR RELIEF
**(Unreasonable Delay & Denial Under C.R.S. §10-3-1115 & §10-3-1116)**

45. Plaintiff incorporates by reference all prior allegations as if fully restated herein.

46. Defendant has delayed and/or denied payment of benefits to the Plaintiff.

47. The Defendant's denial/delay of payment was without reasonable basis.

48. Defendant's actions were and are unreasonable, and have resulted in the denial and/or delay of payment Plaintiff is entitled to under the Policy.

49. Pursuant to *Colorado Revised Statute* ("C.R.S.") § 10-3-1115 & 10-3-1116, Plaintiff seeks attorney's fees and costs, as well as two times the awarded damages for Defendant's violation of C.R.S. § 10-3-1115 & § 10-3-1116.

## THIRD CAUSE OF ACTION
**(Bad Faith Breach of Insurance Contract Under Common Law & §10-3-1104)**

50. Plaintiff incorporates by reference all prior allegations as if fully restated herein.

51. The Defendant acted unreasonably in denying and or denying payment of the Plaintiff's claim.

52. The Defendant knew that its conduct/position was unreasonable or the defendant recklessly disregarded the fact that its conduct was unreasonable.

53. The Defendant's unreasonable conduct/position was a cause of the Plaintiff's ongoing injuries, damages and losses.

54. The Defendant has breached their duty to act in good faith and fair dealing. Some of the damages that the Plaintiff incurred were caused by the bad faith breach of the insurance contract by the Defendant's negligence/inactions or actions and this has caused Plaintiff additional noneconomic losses or injuries that Plaintiff has had or will have in the future including but not limited to; pain and suffering, permanent impairment, inability to perform household work, inconvenience, disability, loss of enjoyment of life, and loss of earning capacity.

55. These losses also include economic losses that Plaintiff has had or will have in the future including but not limited to; medical bills, lost wages, and any other economic damages the Plaintiff has endured or will endure in the future.

56. The Defendant engaged in unfair claim settlement practices by:
    i. Failing to timely, fairly and reasonably evaluate her claim;
    ii. Undervaluing Plaintiff's damages and losses without a reasonable basis;
    iii. Willfully ignoring the Plaintiff's medical diagnosis/prognosis as a basis to undervalue Plaintiff's claim;
    iv. Failing to timely and reasonably respond to repeated requests for the basis of their evaluation;
    v. Failing to timely and reasonably evaluate Plaintiff's claim.
    vi. Failing to promptly settle claims, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage.

57. Pursuant to Common Law Bad Faith & *Colorado Revised Statute* ("C.R.S.") §10-3-1104, Plaintiff seeks all applicable, foreseeable, consequential, economic and non-economic damages.

WHEREFORE, Plaintiff requests that judgment be entered against Defendant for all reasonable compensatory damages allowed by law, costs, expert witness fees, interest as provided by law from the date this action accrued, interest as provided by law, calculated at a

compound rate, from the date of filing the original complaint, and such further relief as the Court deems proper.

Respectfully submitted, this 13th day of February, 2018.

MCDIVITT LAW FIRM, P.C.

*/S/ Alessandra Morales, Esq.*
*Original signature on file pursuant to C.R.C.P. 121 § 1-26*

**Alessandra Morales, Esq.**, #47055

**Plaintiff Address:**
6470 Lonsdale Drive
Colorado Springs, CO  80915